## Mary A. Isle, Adm'x, etc., v. Kate Cranby.

1. LUNATICS—*Property Not to be Taken out of Their Hands Without Notice and Hearing.*—Where a person is thought to be insane, the statute has provided a plain method for determining such question, and if he is found to be a distracted person, for the appointment of a conservator of his estate. In such proceeding he must have a hearing and the management of his property will not be taken out of his hands without notice to him.

Appeal from the Circuit Court of Cook County: the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 21, 1902.

October 2, 1900, in the Circuit Court, Mary A. Isle made her written motion to be appointed next friend of her mother, Henrietta Sackman, to file and prosecute the bill of complaint in this cause. In support of this motion she presented her affidavit that Henrietta Sackman was in the hands of the defendant, and was a distracted person for whose estate there was no conservator; and that affiant had no interest adverse to the interests of her mother. The court thereupon entered an order finding "that the said Henrietta Sackman is a distracted person, and that there is no conservator of the estate of the said Henrietta Sackman, and that the said Mary A. Isle is a proper person to bring suit as next friend of said Henrietta Sackman," and appointed Mary A. Isle as next friend to prosecute this suit. The bill in this cause was thereupon filed. The case was thereafter assigned to another judge before whom the remaining proceedings were had. The defendant demurred to the bill. Thereafter the complainant, Henrietta Sackman, by C. A. Williams, her solicitor, moved to dismiss the suit. The next friend's counsel entered a written motion to set the complainant's motion down for hearing, for the purpose of trying the question as to the condition of Mrs. Sackman's mind. This the court refused to do. Thereupon the court entered a decree sustaining the complainant's motion to dismiss, and also sustaining the demurrer, and dismissed the

suit "for want of jurisdiction." From these orders this appeal is prosecuted. This appeal is said to have been taken by the complainant by her next friend. Since the filing of the transcript in this court, the appellant has died, and her administratrix has been substituted as appellant.

JAMES LINDEN and GUY BROCKWAY, attorneys for appellant.

L. B. LANGWORTHY, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court. Section 1, of Chapter 86, of the Revised Statutes, provides:

"When any person having any estate, real or personal, shall be, or be supposed to be * * * an insane or distracted person, who, by reason of unsoundness of mind, is incapable of managing and caring for his own estate, * * the County Court of the county wherein such person resides shall, on the proper application of any reputable citizen of such county, proceed in conformity as near as may be to the provisions of an act entitled, 'An act to revise the law in relation to the commitment and detention of lunatics, and to provide for the appointment and removal of conservators, and to repeal certain acts therein named,' * * * to ascertain whether such person * * * be insane or a distracted person, who, by reason of unsoundness of mind, is incapable of managing and caring for his own estate."

The act referred to provides for a jury trial to determine the question of insanity. Section 5 is, "Inquests in lunacy shall be by jury."

Counsel say: "The question of practice in suing by next friend was not before the court."

We think it was, and that also the question of whether a person claiming to be the next friend of one whom he, by affidavit, alleges to be insane, can prosecute a suit in the name of such alleged lunatic against his will, and when he appears by counsel and asks to have the suit dismissed.

If Henrietta Sackman was thought to be insane the statute provided a plain method for determining such question, and if she were found to be a distracted person, the appointment of a conservator of her estate. In such proceeding

she would have a hearing, and management of her property would not be taken out of her hands without notice to her.

The suit was properly dismissed; but the demurrer to the bill should not have been sustained, as the complainant had never brought the bill. This was probably not called to the attention of the court until after the order sustaining the demurrer had been entered.

The decree of the court below, dismissing the bill, is affirmed.